SEALED

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | Criminal No. ___07 - 1 6 4___ |
| **v.** | : | |
| | : | **UNDER SEAL** |
| **Bryan Behringer** | : | |
| | : | FILED |
| **Defendant.** | : | |
| | : | JUN 2 6 2007 |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**GOVERNMENT'S MOTION TO SEAL THE PLEA PROCEEDINGS, ALL DOCUMENTS
RELATED TO THE PLEA AND ANY TRANSCRIPT THEREOF
AND OTHER PLEADINGS, RECORDS,
PROCEEDINGS AND FILES, AND TO DELAY ENTRY ON
THE PUBLIC DOCKET OF THE FILING OF THIS
MOTION TO SEAL AND ALL RELATED MATTERS**

The United States, by and through its attorney, the United States Attorney for the District of

Columbia, hereby respectfully submits this motion to seal the plea, plea proceedings, and plea

agreement, as well as all other pleadings, proceedings, records and files in this case, including the

instant motion to seal, and to delay entry on the public docket of this motion to seal and all related

matters.  In support of this motion, the government states as follows:

The defendant in this case has agreed to enter a plea of guilty to an Information, which is

being filed today, charging him with making false statements in violation of Title 18, United States

Code, Section 1001.  A copy of the plea agreement is attached hereto as Exhibit A.

The sealing is necessary because the attached plea agreement and related pleadings contain

sensitive information, and disclosure of which would not be in the interest of the defendant, the

government, or the public.

As part of his plea agreement, the defendant has agreed to cooperate with the government. Accordingly, it is essential that any information concerning his having a pending case in this District, as well as the fact of his pleading guilty, be kept sealed for the time being.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the defendant's cooperation would likely compromise this ongoing criminal investigation by (1) placing the personal safety of the cooperating defendant, and innocent third parties at substantial risk; (2) alerting potential targets of the investigation, thereby causing the cooperating defendant to be reluctant to continue his cooperation; (3) causing prospective witnesses, including the cooperating defendant, to be deterred from testifying or to be less likely to provide truthful testimony; and (4) causing potential witnesses and targets to destroy documents and other evidence. Each of these factors is particularly important in this instance because the targets of this investigation are themselves law enforcement officers. One witness in this case, who is also a law enforcement officer, has already been the subject of intimidation during the course of this investigation.

It is common knowledge to law enforcement officers that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation and present a substantial risk to the personal safety of the cooperating individual.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the plea agreement and all

other pleadings, records, proceedings, and files in this case, but also a delay in the public docketing

of the filing of these sealed pleadings and the accompanying order until (1) there is no longer a

substantial risk to the personal safety of cooperating individuals; and (2) the government represents

that it can continue its criminal investigation without substantial risk that it would be jeopardized

due to the public docketing of the fact that sealed pleadings have been filed in this case.  See

Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

Defense counsel has been advised of the contents of this motion and has informed the

undersigned prosecutor of counsel's support for this motion.

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

JEFFREY A. TAYLOR.
United States Attorney
Bar No. 498610

By: John Cummings
Member Maryland Bar
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

3



U.S. Departme.... of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

Rcvd
6/15/07

Judiciary Center
555 Fourth St., N.W
Washington, D C  20530

June 8, 2007

A. Eduardo Balarezo, Esq.
400 Fifth Street, N.W.
Suite 3001A
Washington, D.C.  20001


Re:  <u>United States v. DUSM Bryan Behringer</u>


Dear Counsel:

This letter sets forth the full and complete plea offer to your client, Bryan Behringer, from the Criminal Division of the Office of the United States Attorney for the District of Columbia and the Criminal Section of the Civil Rights Division of the Department of Justice (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on June 8, 2007. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

### Charges and Statutory Penalties

1.    Your client agrees to plead guilty to one count of providing a false statement to a federal official in violation of 18 U.S.C. §1001(a)(2) based on the false oral statement he provided to members of Federal Bureau of Investigation on or about January 26, 2006.

2.    Your client understands that pursuant to 18 U.S.C. §§ 1001, 3571(b)(3), and 3583(b)(2), your client faces a maximum sentence of five (5) years of imprisonment, a fine of $250,000.00, and a three-year term of supervised release.



CR 07-164 - ESH
Exhibit A

JUN 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3.    In consideration of your client's plea to the above offense, this Office will not seek further criminal prosecution of your client for the conduct set forth in the attached Statement of Offense.

## Resignation From the United States Marshals Service

4.    Your client further agrees that he will: a) within seven (7) days of entering his guilty plea before the Court, tender his written resignation to the United States Marshals Service; (b) prior to sentencing in this matter, provide the government with formal documentation to substantiate his resignation from the United States Marshals Service; and c) permit this Office to place a copy of this plea agreement and the "Statement of the Offense" in any official personnel file that the United States Marshals Service may keep pertaining to him.

## Factual Stipulations

5.    Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

## Sentencing Guidelines Stipulations

6.    Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2006 ed.) (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

7.    Generally, pursuant to U.S.S.G. §2B1.1(a)(2), the base offense level for a violation of 18 U.S.C. § 1001(a)(2) is 6.[1]

---

1.    Pursuant to  U.S.S.G. §2B1.1(c)(3), if the court finds that your client made a false statement with the intent to corruptly obstruct a federal criminal investigation, in violation 18 U.S.C. §1512(c)(2), your client could face a base offense level of 14 pursuant to U.S.S.G. §2J1.2(a).

**Acceptance of Responsibility:  2-point reduction**:

8.  Provided that your client clearly demonstrates acceptance
of responsibility, to the satisfaction of the Government, through
your client's allocution and subsequent conduct prior to the
imposition of sentence, the Government agrees that a 2-level
reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a).

**Cooperation**

9.  Your client agrees to cooperate with the Office of the
United States Attorney for the District of Columbia on the
following terms and conditions:

(a)  Your client shall cooperate fully, truthfully,
completely and forthrightly with this Office and other Federal,
state and local law enforcement authorities identified by this
Office in any and all matters as to which the Government deems the
cooperation relevant.  Your client acknowledges that your client's
cooperation may include, but will not necessarily be limited to:
answering questions; providing sworn written statements; taking
government administered polygraph examination(s); and participating
in covert law enforcement activities.  Any refusal by your client
to cooperate fully, truthfully, completely and forthrightly as
directed by this Office and other Federal, state and local law
enforcement authorities identified by this Office in any and all
matters in which the Government deems your client's assistance
relevant will constitute a breach of this agreement by your client,
and will relieve the Government of its obligations under this
agreement, including but not limited to its obligation to file a
departure motion pursuant to Section 5K1.1 of the Federal
Sentencing Guidelines and/or 18 U.S.C. § 3553(e).  Your client
agrees, however, that such breach by your client will not
constitute a basis for withdrawal of your client's plea of guilty
or otherwise relieve your client of his/her obligations under this
agreement.

(b)   Your client shall promptly turn over to the
Government or other law enforcement authorities or direct such law
enforcement authorities to any and all evidence of crime; all
contraband and proceeds of crime; and all assets traceable to such
proceeds of crime.  Your client agrees to the forfeiture of all
assets which are proceeds of crime or traceable to such proceeds of
crime.

(c)   Your client shall testify fully, completely and
truthfully before any and all Grand Jury(ies) in the District of
Columbia, and elsewhere, and at any and all trials of cases or

3

other court proceedings in the District of Columbia and elsewhere, at which your client's testimony may be deemed relevant by the Government.

(d)   Your client understands and acknowledges that nothing in this agreement allows your client to commit any criminal violation of local, state or federal law during the period of your client's cooperation with law enforcement authorities or at any time prior to the sentencing in this case.   The commission of a criminal offense during the period of your client's cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the Government of all of its obligations under this agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e).   However, your client acknowledges and agrees that such a breach of this agreement will not entitle your client to withdraw your client's plea of guilty or relieve your client of his/her obligations under this agreement.   Your client further understands that, to establish a breach of this agreement, the Government need only prove your client's commission of a criminal offense by a preponderance of the evidence.

10.   Your client understands that the determination of whether your client has provided substantial assistance pursuant to either Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e), as more fully explained later in this agreement, is within the sole discretion of the United States Attorney's Office for the District of Columbia and is not reviewable by the Court.   Your client understands that if the Government does not file a motion for downward departure, the Court may not grant a downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e).   In any event, your client specifically agrees not to seek a downward departure, without Government motion, based on any assistance provided in the investigation(s) or prosecution(s) of another person(s) who has committed a federal, state, local or any other offense.   Your client agrees and acknowledges that the failure of this Office to file a substantial assistance departure motion shall not be grounds for your client to move to withdraw your client's plea of guilty in this case or otherwise relieve your client of his/her obligations under this agreement.

11.   Your client acknowledges and understands that during the course of the cooperation outlined in this agreement your client will be interviewed by law enforcement agents and/or Government attorneys and that your client has the right to have defense counsel present during these interviews.   After consultation with you,  and  with  your  concurrence,  your  client  knowingly  and

4

voluntarily waives this right and agrees to meet with law
enforcement agents and Government prosecutors outside of the
presence of counsel.  If at some future point you or your client
desire to have counsel present during interviews by law enforcement
agents and/or Government attorneys, and you communicate this
decision in writing to this Office, the Government will honor this
request, and this change will have no effect on any other terms and
conditions of this agreement.

### Waiver of Rights

12(a).  In entering this plea of guilty, your client
understands and agrees to waive certain rights afforded to your
client by the Constitution of the United States and/or by statute,
including: the right against self-incrimination with respect to the
offense(s) to which your client is pleading guilty; the right to an
indictment; the right to be tried by a jury, or by a judge sitting
without a jury; the right to be assisted by an attorney at trial;
and the right to confront and cross-examine witnesses.

12(b).  Your client also knowingly and voluntarily waives or
gives up all constitutional and statutory rights to a speedy
sentence, and agrees that the plea of guilty pursuant to this
agreement will be entered at a time decided upon by the Government
with the concurrence of the Court.  Your client also agrees that
the sentencing in this case may be delayed until your client's
cooperation has been completed, as determined by the Government, so
that the Court will have the benefit of all relevant information
before a sentence is imposed.  Your client understands that the
date for sentencing will be set by the Court.

### Court Not Bound by the Plea
### Agreement or the Sentencing Guidelines

13.  Your client understands that the sentence in this case
will be imposed in accordance with 18 U.S.C. Sections 3553(a) and
3553(c) through (e), upon consideration of the United States
Sentencing Commission's Guidelines Manual.  Your client further
understands that the sentence to be imposed is a matter solely
within the discretion of the Court.  Your client acknowledges that
the Court is not obligated to follow any recommendation of the
Government at the time of sentencing or to grant a downward
departure based on your client's substantial assistance to the
Government, even if the Government files a motion pursuant to 18
U.S.C. §3553(e) and/or Section 5K1.1 of the Sentencing Guidelines.
Your client understands also that the sentence to be imposed upon
your client is determined solely by the Court.  It is understood

5

that neither the Government's recommendation nor the Sentencing
Guidelines are binding on the Court. Your client acknowledges that
your client's entry of a guilty plea to the charged offense
authorizes the sentencing court to impose any sentence, up to and
including the statutory maximum sentence, which may be greater than
the applicable Guidelines range. The Government cannot, and does
not, make any promise or representation as to what sentence your
client will receive. Moreover, it is understood that your client
will have no right to withdraw your client's plea of guilty should
the Court impose a sentence that is outside the Guidelines range or
if the Court does not follow the Government's sentencing
recommendation.

### Reservation of Allocution

14.  Your client understands that even if this Office informs
the Court of the nature and extent of your client's cooperation,
this Office reserves its full right of allocution for purposes of
sentencing in this matter.   In particular, the United States
reserves its right to recommend a specific period of incarceration
and fine up to the maximum sentence of incarceration and fine
allowable by law.   In addition, if in this plea agreement the
Government has agreed to recommend or refrain from recommending to
the Court a particular resolution of any sentencing issue, the
Government reserves its right to full allocution in any
post-sentence litigation in order to defend the Court's ultimate
decision on such issues.  Your client further understands that the
Government retains its full right of allocution in connection with
any post-sentence motion which may be filed in this matter and/or
any proceeding(s) before the Bureau of Prisons.  In addition, your
client acknowledges that the Government is not obligated and does
not intend to file any post-sentence downward departure motion in
this case pursuant to Rule 35(b) of the Federal Rules of Criminal
Procedure.

15.  Nothing in this Agreement limits the right of the
Government to seek denial of the adjustment for acceptance of
responsibility, see U.S.S.G., Section 3E1.1, and/or imposition of
an adjustment for obstruction of justice, see U.S.S.G., Section
3C1.1, regardless of any stipulation set forth above, should your
client move to withdraw your client's guilty plea after it is
entered, or should it be determined that your client has either (I)
engaged in conduct, unknown to the Government at the time of the
signing of this Agreement, that constitutes obstruction of justice
or (ii) engaged in additional criminal conduct after signing this
Agreement.

6

**Witness Fees**

16.  Your client further agrees to waive all rights, claims or interest in any witness fee that your client may be eligible to receive pursuant to 28 U.S.C. § 1821 for your client's appearance at any grand jury, witness conference(s) or court proceeding(s) during the course of your client's cooperation pursuant to this agreement or any term of your client's incarceration.

**Breach of Agreement**

17.  Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed.   Such a motion to withdraw shall constitute a breach of this agreement.

18.  Your client further understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement.   In the event of such a breach:   (a) the Government will be free from its obligations under the Agreement;  (b) your client will not have the right to withdraw the guilty plea;  (c) your client  shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice;  and (d) the Government will be free to use against your client,  directly and  indirectly,  in  any  criminal  or  civil proceeding,  all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, whether or not the debriefings were previously characterized as "off the record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

19.  Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn.   Your client knowingly and voluntarily waives the rights which arise under these rules.

7

20.  Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence.  Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

21.  Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses.  Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement.  However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

**Waiver of Statute of Limitations**

22.  It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution.  It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

**Waiver of Right to DNA Testing**

23.  By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government.  Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

## Government's Obligations

24.    This Office will file the above-mentioned criminal information with the United States District Court for the District of Columbia for the purpose of your client entering a plea of guilty to the charge(s) contained therein.

25.    This Office will bring to the Court's attention at the time of sentencing the nature and extent of your client's cooperation or lack of cooperation.

26.    This Office will inform the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia about the nature and extent of your client's cooperation. If the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia, after evaluating the full nature and extent of your client's cooperation,  determines that your client has provided substantial assistance, then this Office will file a departure motion pursuant to Section 5K1.1 and 18 U.S.C. § 3553(e).    In the event this Office, in its sole discretion, decides to file a departure motion pursuant to Section 5K1.1 and 18 U.S.C. § 3553(e), your client will be afforded an opportunity to persuade the Court that he should be sentenced to a lesser period of incarceration than otherwise required by either the Sentencing Guidelines or any applicable mandatory minimum sentence established by statute.  However,  notwithstanding a determination by the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia that your client has provided substantial assistance,  in the event  your client should fail to specifically perform and  fulfill completely each and every one of your client's obligations under this plea agreement, then, the Government will be free from its obligations under the agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e).

## Use of Self-Incriminating Information

27.    The Government and your client agree, in accordance with Section 1B1.8 of the Sentencing Guidelines, that the Government will be free to use against your client for any purpose at the sentencing in this case or in any related criminal or civil proceedings, any self-incriminating information provided by your client pursuant to this agreement or during the course of debriefings conducted in anticipation of this agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties].

9

### Immunity from Prosecution

28.    After the entry of your client's plea of guilty to the offense(s) identified in paragraph number one above, your client will not be charged with any non-violent criminal offense in violation of Federal or District of Columbia law which was committed within the District of Columbia by your client prior to the execution of this agreement and about which the United States Attorney's Office for the District of Columbia was made aware by your client prior to the execution of this agreement.  However, the United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this agreement.

### Sealing

29.    It is further agreed that upon request the United States shall seek authorization to request the Court to place under seal this plea agreement and other relevant proceedings and documents entered into the record in this matter.  Both parties agree that this is necessary in order to protect the personal safety of your client and the law enforcement agents/officers working your client. Both parties further agree that if the record is sealed in this matter, it shall remain under seal, subject to Court approval, until your client is sentenced or such other time as the Court might direct in response to a motion made by the United States.

### Witness Protection

30.    The United States agrees that if requested by your client, and if appropriate in the sole discretion of this Office in order to provide for the protection and security of your client, the United States Attorney's Office for the District of Columbia will sponsor your client for acceptance into the Witness Security Program of the United States Department of Justice.    It is understood, however, that the decision to accept your client into the Witness Security Program is at the sole discretion of the United States Department of Justice and not this Office.    It is further understood that once accepted into the Program, the continued participation of the your client will be governed exclusively by the standard rules and regulations which have been promulgated by the United States Department of Justice to administer the Program.

10

**Complete Agreement**

31.   No other agreements, promises, understandings, or
representations have been made by the parties or their counsel than
those contained in writing herein, nor will any such agreements,
promises, understandings, or representations be made unless
committed to writing and signed by your client, defense counsel,
and an Assistant United States Attorney for the District of
Columbia.

32.   Your client further understands that this Agreement is
binding only upon the Criminal and Superior Court Divisions of the
United States Attorney's Office for the District of Columbia and
the Civil Rights Division of the Department of Justice.  This
Agreement does not bind the Civil Division of this Office or any
other United States Attorney's Office, nor does it bind any other
state, local, or federal prosecutor.   It also does not bar or
compromise any civil, tax, or administrative claim pending or that
may be made against your client.

33.   If the foregoing terms and conditions are satisfactory,
your client may so indicate by signing the Agreement in the space
indicated below and returning the original to me once it has been
signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
United States Attorney

By: _____

John Cummings
Assistant United States Attorney

11

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, A. Eduardo Balarezo, Esq.  I fully understand this Agreement and agree to it without reservation.  I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully.  I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.  I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

6/15/07

_____    _____
Date                                Defendant Bryan Behringer


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully.  These pages accurately and completely sets forth the entire Plea Agreement. ~~I concur in my client's desire to plead guilty as set forth in this Agreement.~~ AB

6/20/07

_____    _____
Date                                A. Eduardo Balarezo, Esquire
                                    Attorney for the Defendant

12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :    CRIMINAL NO.:_____
                                  :
        v.                        :    VIOLATION: 18 U.S.C. § 1001
BRYAN BEHRINGER,                  :    (False Statements)
                Defendant         :

## STATEMENT OF THE OFFENSE

1.   On or about August 30, 2005, in Washington, D.C., the
defendant, Bryan Behringer, was employed by the United States
Marshals Service as a Deputy United States Marshal (DUSM).  On
the morning of August 30, 2005, DUSM Behringer was assigned to
the loading dock area of the Superior Court for the District of
Columbia located at 500 Indiana Ave., N.W., Washington, D.C.  A
number of other officers were working in the loading dock area
that morning, including DUSM Michael Sharpstene and DUSM Stephen
Cook.

2.   On the morning of August 30, 2005, a Metropolitan Police
Department transportation van pulled into the loading dock of the
courthouse to drop off several prisoners, including the victim,
Omar Hunter.  Approximately four other inmates rode in the van
with Mr. Hunter.  The prisoners were attached to each other with
flex-cuffs that were attached to the prisoners' wrists.

3.   Once the van entered the loading dock area, DUSM Cook
and an MPD officer opened the rear door of the van.  Mr. Hunter
was sitting closest to the rear van door.  DUSM Behringer heard a

13

brief verbal exchange between DUSM Cook and Mr. Hunter.  DUSM

Behringer then saw DUSM Cook grab Mr. Hunter and saw him throw

Mr. Hunter to the ground.  Mr. Hunter was still flex-cuffed to

the other inmates, who were also pulled out of the van by the

force that DUSM Cook had applied to Mr. Hunter.  DUSM Behringer

then started to assist the other inmates who had been pulled out

of the van.  As DUSM Behringer was assisting the other inmates,

he observed DUSM Cook deliver several punches or chops to Mr.

Hunter's facial area.  At the time DUSM Behringer made these

observations, he did not observe Omar Hunter use any force, or

engage in any other action, that would have justified the amount

of force that DUSM Cook used against Omar Hunter.

4.  On or about September 1, 2005, DUSM Behringer filed a

field report with his supervisor regarding the alleged use of

force by DUSM Cook.  Before completing his field report, DUSM

Behringer reviewed a copy of DUSM Cook's field report that DUSM

Cook had sent to him via electronic mail.  DUSM Behringer also

spoke with DUSM Sharpstene to discuss what information DUSM

Sharpstene was including in his field report.  DUSM Behringer

then completed his field report.  In that report, DUSM Behringer

intentionally omitted the facts that he had observed DUSM Cook

throw Mr. Hunter to the ground, and that he saw DUSM Cook strike

Mr. Hunter in the facial area.

14

5.  On or about January 26, 2006, DUSM Behringer was

contacted by members of the FBI regarding the alleged assault on

Mr. Hunter.  DUSM Behringer agreed to provide a voluntary oral

statement to members of the FBI and an attorney from the

Department of Justice regarding this incident.  DUSM Behringer

was advised of the nature of the investigation, including the

fact that it was a federal criminal investigation.  DUSM

Behringer was also advised that he was free to terminate the

interview at any time.  DUSM Behringer then knowingly provided a

false statement to the FBI.  DUSM Behringer did not state that he

saw Mr. Hunter thrown to the ground by DUSM Cook, or that he had

seen DUSM Cook strike Mr. Hunter in the facial area.

6.  DUSM Behringer hereby acknowledges that his statement to

the FBI on or about January 26, 2006, was false; that at the time

he made the statement he knew it to be false; that he knew the

false statement related to a material fact; that he knew the

false statement was made in relation to a matter that was within

the jurisdiction of a department or agency of the United States;

and that he acted wilfully in making the false statement to the

FBI.

/

/

/

/

15

I HEREBY AFFIRM, UNDER PENALTY OF PERJURY, THAT THE

FOREGOING FACTS CONTAINED IN THIS STATEMENT OF THE OFFENSE ARE

TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

6/15/07
_____
DATE                                         BRYAN BEHRINGER

16

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. _____** |
| **v.** | : | |
| | : | **UNDER SEAL** |
| **BRYAN BEHRINGER** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER

Based on the representations in the government's motion to seal the accompanying plea agreement, as well as all other pleadings, proceedings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal and all related matters, this Court makes the following:

## FINDINGS OF FACT

Pursuant to the plea agreement in this case, the defendant has agreed to cooperate with the United States in an ongoing criminal investigation.

The general public is not aware that the defendant has agreed to cooperate with the United States in this ongoing investigation.

The defendant's cooperation includes the possibility of covert activities which due to the nature of the investigation pose a substantial risk to the personal safety of the defendant.

The public docketing at this time of any notice that the government has filed a motion to seal the plea agreement, the transcript of the plea, and other pleadings, records, proceedings and files and to delay entry on the public docket of the filing of this motion to seal, as well as the Order granting such motion will likely substantially jeopardize an ongoing criminal investigation and place the personal safety of parties involved in the covert investigation at substantial risk.

Based on the representations in the government's motion, and this Court's findings of facts, this Court finds that there is a compelling governmental interest in sealing the pleadings, records and files in this case and that an extraordinary situation exists which justifies a delay in the public docketing of any notice that the government's motion and this Order have been filed with the Criminal Clerk's office under seal.

Based on the above, it is this _____ day of _____, 2007 hereby

ORDERED that this Order, and the attached government motion to seal the plea, the transcript of the plea, and other pleadings, recordings, proceedings, and files and to delay entry on the public docket of the filing of this motion to seal with exhibits shall be filed under seal in the Criminal Clerk's office until further order of this Court.

It is further

ORDERED that the plea, the transcript of the plea, all proceedings and all pleadings, records and files in this case shall be placed under seal by the Criminal Clerk's office until further order of this Court.

It is further

ORDERED that the Criminal Clerk's office shall not make any entry on the public docket in this case of the filing of the plea, the transcript of the plea, the government's motion to seal and the Order granting such motion, and other pleadings filed under seal in this case until further order of this Court.

It is further

ORDERED that notwithstanding the other provisions of this ORDER, the government shall be permitted to request a transcript of the plea proceedings in this case, the Court Reporter shall be permitted to prepare such a transcript and provide it to the government, and there may be a limited lifting of this sealing order to allow the government to comply to comply with its discovery, Giglio and Brady obligations in any pending criminal case in which the defendant herein may be called as a witness, and to notify the Chief Counsel of the United States Marshals Service regarding the existence of the plea to make sure it can comply with its obligations pursuant to Brady and Giglio.

It is further

ORDERED, that notwithstanding other provisions of this order,  absent good cause shown after notice to the parties herein and an opportunity for a hearing, this matter shall be unsealed upon the final imposition of sentence.

_____

JUDGE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Copies to:

John Cummings
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C.  20530

A. Eduardo Balarezo, Esq.
400 Fifth Street, N.W.
Suite 3001A
Washington, D.C.  20001