LAW OFFICES

SEALED

**FILED**

SEP 1 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: _07-164_ |
| | : | |
| v. | : | VIOLATION: 18 U.S.C. § 1001 |
| **BRYAN BEHRINGER,** | : | (False Statements) |
| **Defendant** | : | |

## STATEMENT OF THE OFFENSE

1.  On or about August 30, 2005, in Washington, D.C., the defendant, Bryan Behringer, was employed by the United States Marshals Service as a Deputy United States Marshal (DUSM). On the morning of August 30, 2005, DUSM Behringer was assigned to the loading dock area of the Superior Court for the District of Columbia located at 500 Indiana Ave., N.W., Washington, D.C. A number of other officers were working in the loading dock area that morning, including DUSM Michael Sharpstene and DUSM Stephen Cook.

2.  On the morning of August 30, 2005, a Metropolitan Police Department transportation van pulled into the loading dock of the courthouse to drop off several prisoners, including the victim, Omar Hunter. Approximately four other inmates rode in the van with Mr. Hunter. The prisoners were attached to each other with flex-cuffs that were attached to the prisoners' wrists.

3.  Once the van entered the loading dock area, DUSM Cook and an MPD officer opened the rear door of the van. Mr. Hunter was sitting closest to the rear van door. DUSM Behringer heard a

brief verbal exchange between DUSM Cook and Mr. Hunter.  DUSM

Behringer then saw DUSM Cook grab Mr. Hunter and saw him throw

Mr. Hunter to the ground.  Mr. Hunter was still flex-cuffed to

the other inmates, who were also pulled out of the van by the

force that DUSM Cook had applied to Mr. Hunter.  DUSM Behringer

then started to assist the other inmates who had been pulled out

of the van.  As DUSM Behringer was assisting the other inmates,

he observed DUSM Cook deliver several punches or chops to Mr.

Hunter's facial area.  At the time DUSM Behringer made these

observations, he did not observe Omar Hunter use any force, or

engage in any other action, that would have justified the amount

of force that DUSM Cook used against Omar Hunter.

    4.  On or about September 1, 2005, DUSM Behringer filed a

field report with his supervisor regarding the alleged use of

force by DUSM Cook.  Before completing his field report, DUSM

Behringer reviewed a copy of DUSM Cook's field report that DUSM

Cook had sent to him via electronic mail.  DUSM Behringer also

spoke with DUSM Sharpstene to discuss what information DUSM

Sharpstene was including in his field report.  DUSM Behringer

then completed his field report.  In that report, DUSM Behringer

intentionally omitted the facts that he had observed DUSM Cook

throw Mr. Hunter to the ground, and that he saw DUSM Cook strike

Mr. Hunter in the facial area.

14

5.   On or about January 26, 2006, DUSM Behringer was contacted by members of the FBI regarding the alleged assault on Mr. Hunter.  DUSM Behringer agreed to provide a voluntary oral statement to members of the FBI and an attorney from the Department of Justice regarding this incident.  DUSM Behringer was advised of the nature of the investigation, including the fact that it was a federal criminal investigation.  DUSM Behringer was also advised that he was free to terminate the interview at any time.  DUSM Behringer then knowingly provided a false statement to the FBI.  DUSM Behringer did not state that he saw Mr. Hunter thrown to the ground by DUSM Cook, or that he had seen DUSM Cook strike Mr. Hunter in the facial area.

6.   DUSM Behringer hereby acknowledges that his statement to the FBI on or about January 26, 2006, was false; that at the time he made the statement he knew it to be false; that he knew the false statement related to a material fact; that he knew the false statement was made in relation to a matter that was within the jurisdiction of a department or agency of the United States; and that he acted wilfully in making the false statement to the FBI.

/

/

/

/

15

I HEREBY AFFIRM, UNDER PENALTY OF PERJURY, THAT THE

FOREGOING FACTS CONTAINED IN THIS STATEMENT OF THE OFFENSE ARE

TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

6/15/07
_____                              _____
DATE                                             BRYAN BEHRINGER